**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAWANDA T. BYNUM | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  13-cv-6682 |
| | : | |
| CAROLYN W. COLVIN | : | |

**MEMORANDUM OPINION**

SCHMEHL, J.  /s/ JLS                                                                         AUGUST  3, 2016

      Currently pending before the Court are plaintiff's Objections to the Report and Recommendation of United States Magistrate Judge Richard A. Lloret.  The Court held oral argument on the Objections on August 1, 2016. For the reasons that follow, the Court sustains two of the Objections and remands this action to the Commissioner of Social Security for further proceedings consistent with this Opinion.

I.    PROCEDURAL HISTORY

      On August 9, 2010, Plaintiff filed a protective application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381, et seq. (Tr. 15.)[1]   Her claim alleged disability beginning June 1, 2005.  (Id.)  The state agency denied Plaintiff's application on October 5, 2010. (Id.)   Plaintiff timely requested a hearing before an administrative law judge ("ALJ").  (Id.)  The ALJ conducted a hearing on July 26, 2012, at which time both Plaintiff and a vocational

---

[1]  **Citations to the administrative record will be referenced as "Tr. [page number]."**

1

expert testified. (Id. at 26–57.) On April 26, 2013, the ALJ issued his Decision deeming Plaintiff "not disabled." (Id. at 15–20.)

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c), with the exception that she could not perform duties that required fine hand manipulation. (Tr. 18.) Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 416.967 (c). Based on this RFC and Plaintiff's age, education, and work experience, the ALJ found that Plaintiff is not disabled and that there are jobs that she can perform such as a sorter or packer. (Id. 19-20.) Plaintiff filed an appeal from this decision and, on September 25, 2013, the Appeals Council denied Plaintiff's request for review, making the ALJ's ruling the final decision of the agency. (Id. at 1–6.)

Plaintiff initiated the present civil action in this Court on November 22, 2013. (ECF 3.) Her Request for Review set forth two alleged errors: (1) the ALJ failed to consider all of the impairments and subjective complaints that are supported by the record; and (2) the ALJ failed to apply a fair assessment of plaintiff's functional limitations in the hypothetical posed to the vocational expert. (ECF 14.) The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Plaintiff's Request for Review be denied. (ECF 22.)

Plaintiff subsequently filed Objections to the R&R. (ECF 26.) Plaintiff objects to: "(1) the Magistrate Judge's recommendation of "harmless error"---a doctrine not explicitly sanctioned by the Third Circuit in Social Security disability cases—in the ALJ's finding that Graves' disease was symptomatic only when [Plaintiff] was pregnant

because this critical and dispositve finding is contradicted by the evidence; (2) the Magistrate Judge's recommendation that substantial evidence supports the finding that [Plaintiff's] back and knee impairments are not severe, i.e. do not meet the minimal Step 2 threshold; (3) the Magistrate Judge's recommendation that the ALJ's findings are supportable because the ALJ erroneously discounted symptoms of Graves' disease, the Magistrate re-weighs the evidence to explain how the ALJ might have supported his findings, and the ALJ failed to explain the reasons to discredit the only valid functional assessment in the record, which contradicts the finding that [Plaintiff] can perform medium work; and (4) the Magistrate Judge's recommendation that substantial evidence supports the ALJ's finding that [Plaintiff] can do 'medium work'—which requires lifting up to 50 pounds—when the ALJ failed to consider the only valid functional assessment in the record and this assessment confirms that [Plaintiff] would be more severely limited than found by the ALJ because she is unable to lift more than 25 pounds and cannot perform medium work." (Id.) Defendant has responded to these Objections. (ECF 31.)

II.     STANDARD OF REVIEW[2]

    A.     <u>Standard for Judicial Review of an ALJ's Decision</u>

It is well-established that judicial review of the Commissioner's decision is limited to determining whether "substantial evidence" supports the decision. <u>Burnett v. Comm'r of Soc. Sec. Admin.</u>, 220 F.3d 112, 118 (3d Cir. 2000). "Substantial evidence 'does not

---

[2] **The five-step sequential analysis for assessing a disability claim was adequately summarized by the Magistrate Judge.  In lieu of repeating that discussion, the Court incorporates by reference that portion of the R&R into this Memorandum.**

mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564–65 (1988)).  When making this determination, a reviewing court may not undertake a de novo review of the Commissioner's decision and may not re-weigh the evidence of record.  Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986).  In other words, even if the reviewing court, acting de novo, would have decided the case differently, the Commissioner's decision must be affirmed if it is supported by substantial evidence.  Id. at 1190–91; see also Gilmore v. Barnhart, 356 F. Supp. 2d 509, 511 (E.D. Pa. 2005) (holding that the court's scope of review is "'limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact'") (quoting Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001)).  In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence."  Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).

      B.     <u>Standard of Review of Objections to a Report and Recommendation</u>

Where a party makes a timely and specific objection to a portion of a report and recommendation by a United States Magistrate Judge, the district court is obliged to engage in de novo review of only those issues raised on objection.  28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In so

doing, a court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1). The court may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. See United v. Raddatz, 447 U.S. 667, 676 (1980).

### III. DISCUSSION

With respect to Plaintiff's first Objection, the ALJ found that "[t]he Penn Endocrinology records and the primary care treatment records document Grave's disease, but show that the disease was only symptomatic while the claimant was temporarily off medication during pregnancy. (Exhibit 4F, 6F-10F)." (Tr. 19.)The Magistrate Judge noted that contrary to the finding of the ALJ, the medical evidence revealed that plaintiff's medication for Graves' disease was actually increased during her pregnancy. (Tr. 32, 466.) Although the Magistrate Judge concluded that the ALJ erred, the Magistrate Judge considered the error to be harmless because "[d]espite the ALJ's misstatement, the overall findings of the ALJ are supported by substantial evidence, and there would be no difference in the outcome if I remanded based on this error." (ECF 22 at 4 n.4.)

"An error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is also 'no set of facts' upon which the appellant could recover." Brown v. Astrue, 649 F. 3d 193, 195 (3d Cir. 2011) (quoting Renchenski v. Williams, 622 F. 3d 315, 341 (3d Cir. 2010)).

The Court cannot conclude that there is "no set of facts" upon which the ALJ could have reached a different conclusion. The ALJ did not properly state and therefore evaluate the evidence that clearly showed that plaintiff actually increased her

**5**

medication for Graves' disease during her pregnancy. Indeed, the record reflects that plaintiff complained of fatigue and other symptoms of Graves' disease when she was not pregnant. (Tr. 471, 478, 487, 490.)  There is no discussion in the ALJ's decision of plaintiff's symptoms when she was not pregnant. Had the ALJ been aware that plaintiff suffered from symptoms of Graves' disease even when she was not pregnant and that she had actually increased her medication for Graves' disease during her pregnancy, he may have given more weight to plaintiff's subjective complaints of fatigue, dizziness and lightheadedness that were associated with Graves' disease. This is especially important since the vocational expert testified that there would be no jobs of any kind maintainable for someone with the plaintiff's subjective complaints of "limited sitting, standing, and walking and …the problems with the hand and fatigue and the need to take naps during the day." (Tr. 55.)  In short, the ALJ's review of the entire record may have been clouded by his error. Since the Court cannot read the mind of the ALJ at the time he rendered his decision, the most prudent course is to remand so that the ALJ can properly evaluate all the evidence.

If the Court were to construe the evidence in the first instance in order to determine whether the error was harmless, the Court would be usurping the role of the ALJ which is to properly state and evaluate the evidence. The Court's role is to test whether the ALJ's decision is supported by substantial evidence. Since the ALJ mischaracterized the evidence resulting in the ALJ not considering all the evidence, plaintiff's first objection to the R & R is sustained and this matter will be remanded to the Commissioner so that the ALJ can properly weigh the evidence concerning the Plaintiff's complaints of fatigue and other symptoms of Graves' disease throughout the

relevant period and not just during the nine months she was pregnant from December 2010 through August, 2011. See Gonzalez v. Colvin , C.A. No.13-6714 (Jan. 23, 2015, E.D. Pa.) (rejecting recommendation that ALJ's error was harmless because to do so would require the Court to re-weigh evidence not discussed by the ALJ and would ignore evidence showing fatigue and other symptoms).

Plaintiff also objects that the Magistrate Judge did not make any recommendation about the lack of a proper credibility determination by the ALJ before he made his residual functional capacity finding.

The ALJ "must specifically identify and explain what evidence he found not credible and why he found it not credible." Zirnsal v. Colvin, 777 F. 3d 607, 612 (3d Cir. 2014); See also Fargnoli v. Halter, 247 F. 3d 34, 43 (3d Cir. 2001); ("Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence that he rejects and his reason(s) for discounting that evidence.")

As part of his analysis that resulted in his finding that the plaintiff has the RFC to perform medium work, the ALJ stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity.

(Tr. 18.)

From this statement, it is clear that instead of evaluating plaintiff's subjective complaints as part of the evidence used to determine plaintiff's RFC, the ALJ first found that plaintiff had the RFC to perform medium work and then rejected plaintiff's

7

subjective testimony because it did not comport with his finding that plaintiff had the residual functional capacity to perform medium work.

Circuit Judge Posner rejected identical reasoning by an ALJ in Bjornson v. Astrue, 671 F. 3d 640 (7th Cir. 2012). In Bjornson, the ALJ discounted the plaintiff's subjective statements as follows:

> After careful consideration, the undersigned [the administrative law judge] finds that the claimant's medically determinable impairments would reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

671 F. 3d at 644.

> Judge Posner criticized the ALJ's reasoning as follows:
>
> One problem with the boiler plate is that the assessment of the claimant's residual functional capacity. . . comes later in the administrative law judge's opinion, not above—above is just the foreshadowed conclusion of that later assessment. A deeper problem is that the assessment of a claimant's ability to work will often (and in the present case) depend heavily on the credibility of her statements concerning the "intensity, persistence and limiting effects" of her symptoms, but the passage implies that ability to work is determined first and is then used to determine the claimant's credibility. That gets things backward

Id. at 645. Several other Circuit Courts have criticized an ALJ's reliance on this boilerplate, finding that it does indeed suggest a backwards approach to assessing a claimant's credibility. See Mascio v. Comm'r of Soc. Sec., 780 F. 3d 632, 639 (4th Cir. 2015); Cox v. Comm'r of Soc. Sec., No. 14-6243 (6th Cir. June 11, 2015)(unpublished);

Treichler v. Comm'r of Soc. Sec., 775 F. 3d 1090, 1102-03 (9th Cir. 2014); Kamann v. Colvin, 721 F. 3d 945, 949-51 (8th Cir. 2013).

      This is exactly what the ALJ did in this case. The error might have been harmless had the ALJ properly discussed the plaintiff's credibility elsewhere in his Decision, however this was not the case. As a result, as part of the remand, the ALJ will be directed to evaluate plaintiff's subjective complaints as part of his analysis in determining plaintiff's residual functional capacity and explain any reasons for discrediting the plaintiff.

      The remainder of plaintiff's Objections to the R & R are overruled and the matter is remanded to the Commissioner for further proceedings consistent with this Opinion.